**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Christopher Sherlund, | No. CV18-1126-PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Jefferson B. Sessions, III, Attorney General, Department of Justice; Thomas E. Brandon, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives; Christopher Wray, Director, Federal Bureau of Investigation, | |
| Defendants. | |

Plaintiff William Christopher Sherlund alleges violations of the Second, Fifth, and Fourteenth Amendments. Doc. 1. Defendants Jefferson B. Sessions III, United States Attorney General; Christopher Wray, Director of the Federal Bureau of Investigations; and Thomas E. Brandon, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1), (3), and (6). Doc. 13. The motion is fully briefed, and oral argument will not aid the Court's decision. Docs. 15-17. For the following reasons, the Court will grant the motion for lack of subject matter jurisdiction.

**I. Background.**

The Court takes the factual allegations of Plaintiff's complaint as true for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In July 2008,

Plaintiff was involuntarily committed in California because of concerns that he was a danger to himself and others after a suicide attempt. Doc. 1 at 3, 6. Plaintiff has not been a risk to himself or others since his discharge on August 6, 2008, and he does not have substance abuse issues. *Id.* at 6.

Plaintiff applied for a concealed weapons permit in Arizona. *Id.* In a letter dated September 19, 2016, the Arizona Department of Public Safety ("AZDPS") denied Plaintiff's application because he had been "adjudicated as a mental defective or committed to a mental institution." *Id.* The letter stated:

> On 9/17/2008, California Department of Justice adjudicated you as suffering from a mental disorder. As a result, you are classified as a prohibited possessor under state law A.R.S. § 13-3101(7)(a). Additionally, you are classified as a prohibited possessor under federal law in accordance with United States Code Title 18 Section 922(G)(4). The law provides that an applicant for a concealed weapons permit shall not be a prohibited possessor.

*Id.* at 6-7.

Plaintiff has been unable to purchase or possess a firearm, and he fears arrest, criminal prosecution, incarceration, and fines if he were to do so. *Id.* at 3. In April 2018, Plaintiff sued Defendants, challenging the constitutionality of 18 U.S.C. § 922(g)(4) under the Second, Fifth, and Fourteenth Amendments. Doc. 1. Plaintiff did not challenge the constitutionality of A.R.S. § 13-3101(7)(a). *See* Doc. 1. Defendants argue that Plaintiff lacks Article III standing, venue is improper, and that Plaintiff fails to state a claim. Doc. 13.

**II.  Motion to Dismiss for Lack of Article III Standing.**

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a facial attack, the Court takes the allegations in the plaintiff's complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The party invoking the Court's jurisdiction has the burden of establishing it. *Spokeo, Inc.*

*v. Robins*, 136 S. Ct. 1540, 1547 (2016).

The Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted). To show that a case or controversy exists, a plaintiff must establish that he has standing to bring suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). An individual plaintiff must satisfy three elements to establish Article III standing: (1) an injury-in-fact, (2) causation between the injury and the allegedly wrongful conduct, and (3) that the injury is likely to be redressed by a favorable decision from the Court. *Lujan*, 504 U.S. at 560. In addition, when a "plaintiff seeks declaratory and injunctive relief only, there is a further requirement that [the plaintiff] show a very significant possibility of future harm." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (internal quotations omitted). "If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Chaney v. Berkshire Hathaway Automotive*, No. CV-17-00989-PHX-DGC, 2017 WL 6520662, at *4 (D. Ariz. Sept. 25, 2017). Defendants argue Plaintiff cannot satisfy the causation and redressability elements of Article III standing. Doc. 13 at 5.

**A.  Causation.**

"To show causation, the plaintiff must demonstrate a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1227 (9th Cir. 2008) (citing *Lujan*, 504 U.S. at 560-61); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) ("In cases where a chain of causation involves numerous third parties whose independent decisions collectively have a significant effect on plaintiff['s] injuries, . . . the causal chain [is] too weak to support standing at the pleading stage." (citing *Allen v. Wright*, 468 U.S. 737, 759 (1984)).

Defendants argue Plaintiff cannot establish causation because he challenges only the federal statute prohibiting his gun possession when an Arizona statute also

independently prohibits approval of his concealed carry permit. Doc. 13 at 5. Plaintiff responds that his general fear of criminal prosecution is fairly traceable, in part, to § 922(g)(4), and that his consequent forbearance in pursuing gun possession is sufficient to establish causation for Article III standing. Doc. 16 at 4. The Court disagrees.

AZDPS denied Plaintiff's permit application pursuant to A.R.S. § 13-3101(7)(a) and 18 U.S.C. § 922 (g)(4), both of which classify Plaintiff as a prohibited possessor. The federal statute makes it unlawful for a person "who has been adjudicated as a mental defective or who has been committed to a mental institution" to "possess . . . any firearm or ammunition." 18 U.S.C. § 922 (g)(4). Under Arizona law, "[p]rohibited possessor" means any person "[w]ho has been found to constitute a danger to self or to others or to have a persistent or acute disability or grave disability pursuant to court order pursuant to § 36-540, and whose right to possess a firearm has not been restored pursuant to § 13-925." A.R.S. § 13-3101(7)(a).

Plaintiff challenges only the federal statute, but AZDPS's denial was also based on Arizona law. Plaintiff's alleged injury is also the result of the independent action of a third party not before the Court – the State of Arizona. His injury cannot fairly be traced to the challenged acts of the federal Defendants. *See Lujan*, 504 U.S. at 560-61; *see also San Diego Cty. Gun Rights Comm.*, 98 F.3d at 1131 (plaintiffs' challenge to Title XI "Crime Control Act" dismissed for lack of subject matter jurisdiction when state law similarly banned the manufacture, sale, and distribution of certain assault weapons; "[t]hus, any finding that the Crime Control Act had a significant impact on the increase in prices of weapons would [have been] tantamount to sheer speculation."); *Daogaru v. U.S. Attorney Gen.*, 683 Fed. Appx. 824, 825-26 (11th Cir. 2017) (plaintiff's challenge to § 922 (g)(1) as violative of Second Amendment was dismissed for lack of subject matter jurisdiction, on causation grounds, when state law also barred his gun possession as a convicted felon); *White v. United States*, No. 2:08-cv-118, 2009 WL 173509, at *1-*5 (S.D. Ohio Jan. 26, 2009) (plaintiffs' challenge to provisions of the Animal Welfare Act prohibiting cockfighting was dismissed for lack of subject matter jurisdiction when all

fifty states had similar provisions because "the existence of the overlapping state laws . . . defeat[ed] the contention that federal law [was] the traceable cause of the economic injuries asserted."). Plaintiff has not satisfied the causation element required for Article III standing.

### B. Redressability.

The redressability element requires that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotations omitted). "[T]here is no redressability if a federal court lacks the power to issue [the requested] relief." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018).

Even if Plaintiff could show causation, Defendants argue that he cannot satisfy the redressability element. Doc. 13 at 5-7. Defendants assert that, even with a favorable decision from the Court as to § 922(g)(4), Arizona law would still require the denial of Plaintiff's permit application. Moreover, Plaintiff's current state of residence, New Jersey, also prohibits firearm possession by someone who has been committed for a mental disorder. *See* N.J.S. 2C:39-7(a); 2C:58-3(c)(3); Doc. 1 at 3. Plaintiff responds that he need only show that a favorable decision will change his legal status. Doc. 16 at 5. He argues that he satisfies the redressability element because a favorable decision would restore his Second Amendment rights under federal law, subject only to individual state restrictions. *Id.* The Court disagrees.

Plaintiff's complaint alleges that: "Defendants have collectively and separately prohibited a certain class of individuals from obtaining and possessing firearms . . . who have been involuntarily committed and who are prohibited from acquiring or possessing a firearm under 18 U.S.C. § 922." Doc. 1 at 2. He seems to challenge the failure of Congress to fund a procedural mechanism for attacking § 922's prohibition. *Id.* at 9-10. And his alleged injury is the inability to acquire a firearm because of Defendants' enforcement of § 922. *Id.* at 10; Doc. 16 at 5.

A decision from the Court with respect to § 922(g)(4) will not change the state

laws which prohibit Plaintiff from possessing a gun. Nor has Plaintiff shown that it will make a change in state law "substantially likely." *Brown*, 902 F.3d at 1083-84 ("We conclude that [plaintiff] has failed to establish redressability because she seeks only remedies that would not be substantially likely to redress her claimed injury, . . . or which are beyond the district court's remedial power to issue.").

Plaintiff cites *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012), for the proposition that a change in his legal status under federal law is alone sufficient to establish redressability. In *Renee*, the Ninth Circuit held that a plaintiff may satisfy redressability by showing "that there would be a 'change in a legal status,' and that a 'practical consequence of that change would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered.'" *Renee*, 686 F.3d at 1013 (quoting *Utah v. Evans*, 536 U.S. 452, 464 (2002)). Plaintiff has not shown that a favorable decision from the Court regarding § 922 would cause a "significant increase in the likelihood" of relief for his alleged injuries. State law would still prohibit his firearm possession.

Plaintiff has not satisfied the causation and redressability elements to establish Article III standing. The Court will grant Defendant's motion under Rule 12(b)(1) and decline to address Defendants' other arguments.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 13) is **granted**. The Clerk is directed to terminate this matter.

Dated this 14th day of November, 2018.

*David G. Campbell*

David G. Campbell
Senior United States District Judge